# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **NICOLE TRUELOVE** | § | |
| | § | |
| **v.** | § | **1-18-CV-00392 RP** |
| | § | |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE**, et al. | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Opposed Motion to Transfer Venue (Dkt. No. 5) and Plaintiff's Response (Dkt. No. 9). The District Court referred the above-motion to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

On May 9, 2018, Plaintiff Nicole Truelove filed this lawsuit against the Texas Department of Criminal Justice (TDCJ) and the Windham School District (WSD). WSD is a non-geographical school district established by the Texas Legislature that provides educational services to offenders in the custody of the TDCJ. Truelove filed suit alleging that the Defendants were deliberately indifferent to multiple conditions and events which caused Truelove to suffer both sexual harassment and sexual assault. Truelove claims that the Defendants allowed conditions to exist that substantially increased the chances and probability that Plaintiff and other teachers would be sexually assaulted by a student-inmate. Plaintiff was an employee of and teacher in WSD. In November 2017, Plaintiff was teaching in her classroom in Madison County, Texas, which is in the Houston Division of the

Southern District of Texas. As Plaintiff was teaching, one of her students allegedly sexually harassed and then assaulted her. Plaintiff filed this suit in the Austin Division of the Western District of Texas bringing claims of violation of the Fourteenth Amendment, § 1983, Title IX, and negligence. Defendant WSD filed the present motion seeking transfer of venue from the Austin Division of the Western District of Texas to the Houston Division of the Southern District of Texas.

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is well settled that the party seeking the transfer of venue bears the burden of demonstrating that the case should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed"). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *In re Volkswagen of America, Inc. II*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc), *cert. denied*, 129 S.Ct. 1336 (2009); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The preliminary question under § 1404 is whether the lawsuit "might have been brought" in the destination venue. *In re Volkswagen AG I*, 371 F.3d 201, 202 (5th Cir. 2004). The Court must determine whether the moving party has shown "good cause" for transferring the case. *In re Volkswagen II*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). This, in turn, requires the party moving for transfer to "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, and in the interest of justice.' " *Id*. (quoting 28 U.S.C. § 1404(a)).

In determining whether a transfer is for the convenience of parties and witnesses and in the interest of justice, courts look to a series of private and public factors. *In re Volkswagen II*, 545 F.3d at 315. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law." *Id.* The Fifth Circuit has clarified that these factors are not exhaustive or exclusive and that none are dispositive. *Id.*

### III. ANALYSIS

**A.      The Suit Could Have Been Brought in the Houston Division**

The preliminary inquiry in the 1404(a) analysis is whether the lawsuit could have been brought in the division to which the movant seeks a transfer. *In re Volkswagen I*, 371 F.3d at 203. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. . . ." 28 U.S.C. § 1391(b)(1). Alternatively, venue is proper in a "judicial district in which a substantial part of the events or omissions giving right to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, venue clearly could have been in the Houston Division of the Southern District of Texas because of a substantial part of the events or omissions giving right to this suit occurred at the Ferguson Unit in Madison County, Texas, which is within the jurisdiction of the Houston Division.

3

**B.     Private Interest Factors**

   **1.     Relative Ease of Access to Sources of Proof.**

Courts look to where documentary evidence, such as documents and physical evidence, are stored when considering the relative ease of access to sources of proof. *In re Volkswagen II*, 545 F.3d at 316. WSD argues that the lion's share of witnesses, documents, physical evidence, and other sources of proof are located within the jurisdiction of the Houston Division. Truelove, on the other hand, argues, in part, that the location of sources of proof should weigh only slightly in the Court's transfer analysis given the decreasing emphasis on the physical location of evidence due to advances in technology. Truelove also argues that her assailant, given where he is currently being held, is actually much closer to Austin than to Houston. The Fifth Circuit has stated that the sources of proof requirement "is a meaningful factor in the analysis." *Id*. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Id*. Here, the incident in question took place, and the majority of sources of proof as articulated by the parties are located, in the Houston Division. The Houston courthouse is roughly 60 miles closer to the sources of proof than the Austin courthouse. Because the sources of proof as argued by the parties are primarily in Madison County, they are closer to the Houston Division. Though it is not a strong factor here, it nevertheless weighs in favor of transfer.

   **2.     Availability of Process to Secure the Attendance of Witnesses**

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Id*. Rule 45 provides that a Court has subpoena power over a witness to compel the witness's attendance at a trial or hearing within 100 miles of the

witness's residence, place of employment, or regular place of business. FED. R. CIV. P. 45(c)(1)(A). Furthermore, a Court may compel a person to attend a trial or hearing within the state in which the person resides, is employed, or regularly transacts business if the person is a party or party's officer or is commanded to attend a trial and would not incur substantial expense. FED. R. CIV. P. 45(c)(1)(B). However, Rule 45 also states that a court may quash a subpoena that requires a party or non-party to travel more than 100 miles to attend trial if the person would incur substantial expense. FED. R. CIV. P. 45(d). WSD argues that most current and former WSD and TDCJ employees live in Walker County, Texas, which is roughly 150 miles to the Austin courthouse and roughly 80 miles to the Houston courthouse. In addition, any witnesses from the Ferguson Unit would have to travel roughly 150 miles to this courthouse, but only 90 miles to the court in Houston. As in *In Re Volkswagen II*, where the Fifth Circuit found in favor of transfer where there was a proper venue that enjoyed absolute subpoena power for both depositions and trial, here too the Houston courthouse is a venue that would have subpoena power as all the anticipated witnesses would be within 100 miles of the courthouse, where that would not be the case for this Court. *In Re Volkswagen II*, 545 F.3d 304, 316-17. This factor, therefore, weighs in favor of transfer.

### 3. Costs of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witness. The Fifth Circuit has stated the following in regard to the third private interest factor:

> In *In re Volkswagen I* we set a 100-mile threshold as follows: "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travel." We said, further, that it is an "obvious conclusion" that it is more convenient for witnesses to testify at home and that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time

with overnight stays increases the time which these fact witnesses must be away from their regular employment." The district court disregarded our precedent relating to the 100-mile rule.

*Id*. (citations omitted). In *Volkswagen II*, the Fifth Circuit transferred a suit from the Marshall Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas (roughly 155 miles apart) under this prong and found that the district court erred in its analysis given that the monetary costs and personal costs associated with being away from work, family, and community would be much less in the Dallas Division for all witnesses identified, including the plaintiffs. Here, the distance between the Austin courthouse and the Houston courthouse is roughly 160 miles. In addition, Truelove resides in the Houston division, as do all the likely witnesses identified by WSD, making Houston more convenient for the majority of parties involved. Truelove also fails to identify any potential witnesses for whom the Houston Division would not be convenient. Therefore, this factor weighs in favor of transfer.

  **4.  All Other Practical Problems**

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." The Fifth Circuit has clarified that "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax*, 720 F.3d at 289. Here, neither party has identified any "practical problems" based on judicial economy that would make trial of the case in either Austin or Houston more or less expeditious. *Spencer v. Allstate Ins. Co.*, No. 2:16-CV-605-JRG, 2016 WL 6879598, at *4 (E.D. Tex. Nov. 22, 2016). Though both courts' dockets are busier than the average federal district court's, there is no appreciable difference between them, and this factor is neutral.

6

C.  **Public Factors**

1.  **Administrative Difficulties**

The parties did not address any administrative difficulties flowing from court congestion in their briefs. This Court is "unaware of any administrative difficulties that would arise from transferring or retaining this case." *In re Radmax*, 720 F.3d at 289. Therefore, this factor is neutral.

2.  **Local Interests**

The Fifth Circuit has stated that courts must consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. WSD argues that all the alleged events giving rise to this suit occurred in the Houston Division, whereas none of the events or omissions occurred in the Austin Division. Truelove argues that the incident occurred in Midway, Texas, which is approximately 90 miles away from the Houston courthouse and that Plaintiff is unaware of any particularly strong connection that the Houston community would have to the "alleged wrongdoings." While it is hard for the Court to assess the level of interest or connection that the local community in the Houston Division would have to the facts of this case, the Houston Division community is likely to have more connection to the events than the Austin Division, given that the Houston Division includes the county in which the events took place, and draws jurors from that, and the surrounding, counties. This factor therefore slightly weighs in favor of transfer.

3.  **Familiarity with Applicable Law**

Neither party argues that either the Austin Division or the Houston Division lacks familiarity with the law that will govern in this case. Thus, this factor is neutral. *In re Radmax*, 720 F.3d at 289.

### 4. Avoidance of Problems of Conflict of Laws

Neither party argues that there will be a conflict of laws problem or a problem with the application of foreign law to this case. Thus, this factor is neutral. *Id*. at 289-90.

### D. Conclusion

When the facts and circumstances of a case are primarily grounded in the transferee forum, and that forum is a clearly more convenient venue, and the case has no strong connection to the transfer forum, it is appropriate to transfer the venue of the case. *In re Radmax*, 720 F.3d at 289. Here, based on the analysis of the relevant criteria, the Houston Division of the Southern District of Texas is clearly a more convenient than venue than this Court.

## IV. RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Transfer Venue (Doc. No. 5) and **TRANSFER** this case to the Houston Division of the Southern District of Texas.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed

factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of February, 2019.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE